WILBUR LUMBER COMPANY, Appellant, vs. OBERBECK BROTHERS MANUFACTURING COMPANY, Respondent.

*May 6 — May 21, 1897.*

*Contracts: Construction: Failure to grade and ship lumber as directed: Measure of damages.*

A contract of sale of certain lumber, after specifying the quantities and prices, provided that "this lumber . . . can be graded to suit purchaser; the above prices are for what we call log run, worthless culls out." It was also understood that the vendor was to ship the elm lumber to such purchasers as the vendee might find for it. In an action to recover a balance due thereunder it appeared that the defendant had ordered all the elm lumber "of the grade of common or better." to be shipped to Chicago, and the remainder to Centralia, and that the culls were worth less in Chicago than in Centralia. *Held*, that the defendant was entitled to recover as damages, by way of partial defense or counterclaim, the difference between the value, at Chicago, of culls which had been shipped there and their value at Centralia, and the difference in freight between the two points, together with the invoice price of worthless culls which had been shipped to Chicago mingled with the better grades of lumber, and the freight on the same.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge.  *Affirmed.*

The action is to recover a balance for lumber sold and delivered to the defendant on board cars at Wausau, Wiscon-

sin. The plaintiff was a corporation, dealing in lumber at Wausau. The defendant was a manufacturing corporation, doing business at Centralia, Wisconsin. The contract by which the lumber was sold is evidenced by the following letter:

"Grand Rapids, Wis., Sept. 27, 1894.

"Oberbeck Bros. Manuf'g Co., Centralia, Wis.— Gentlemen: Replying to yours of the 26th, will say, we quote you f. o. b. Wausau, on the following hardwood, log run:

| | | |
|---|---|---|
| 16,500 ft. inch birch | $12.00 | |
| 5,500 ft. 1¼-in. birch | 12.00 | |
| 15,000 ft. inch ash | 10.00 | 90 days from Nov. 16, '94. |
| 13,000 ft. inch red oak | 14.00 | |
| 2,000 ft. in. butternut | 10.00 | |
| 40,000 ft. 2-in. soft elm | 8.00 | 4 mos. from Nov. 16, '94. |
| 50,000 ft. 3-in. soft elm | 8.00 | |

"This lumber is bone dry, well manufactured, well covered, and can be graded to suit purchaser. The above prices are for what we call log run, worthless culls out. Hoping you will be able to use the stock at these prices, I am,

"Yours truly,    F. L. Tibbits, P. A."

The controversy is over the elm lumber. It was known and understood between the parties that this lumber was not to be used by the defendant in its business at Centralia, but was to be shipped to such purchasers as the defendant might find for it. A quantity of it was shipped by the plaintiff to Chicago, to parties there, on defendant's order, which was to ship all the elm lumber covered by the contract "of the grade of common or better." The order was accompanied by a direction not to ship to Chicago any lumber — "not a board" — of doubtful grade, but to ship all except the common or better to the defendant at Centralia. The defendant claimed that the plaintiff, under this direction, shipped a large quantity of what is called culls and worthless culls, which were of little value in the Chicago market,— less than at Centralia; that it lost by such ship-

ment a large part of the value of the culls, and the difference in the cost of the freight over and above what the cost of the freight would have been simply to Centralia and the whole freight on the worthless culls. It claims also that the amount of worthless culls so shipped should be deducted from the whole amount of lumber with which it is charged, as the worthless culls were not included in the contract of sale, and were not accepted at Chicago by the defendant. These facts were set up in the answer for a counterclaim. The plaintiff claimed $714.72, and had a verdict for $497.42. From judgment on the verdict it appeals.

The cause was submitted for the appellant on the brief of *Williams & Conway*, and for the respondent on that of *B. R. Goggins*.

NEWMAN, J. The answer seems to have stated sufficiently a partial defense to the action, and a counterclaim. It was sufficient as against a demurrer *ore tenus*. There was testimony which tended to prove both the defense and the counterclaim. So, it could not be error to refuse the motion to direct a verdict for the plaintiff for its whole claim. These are the errors claimed, aside from rulings on the admission of testimony and exceptions to the charge of the court.

By the contract, the plaintiff was to ship the lumber as ordered by the defendant. It was contemplated that some of it, at least, was to be shipped to defendant's customers. It was to be graded to suit customers. It was to be loaded by the plaintiff, into the cars, and shipped in accordance with defendant's orders. By its order, nothing but common or better was to be shipped to Chicago. The only grading required was to select out the commons and better, and to leave the culls. The worthless culls had not been bought by the defendant, and should not have been shipped at all. Manifestly, if culls were shipped to Chicago, where they were of less value than at Centralia, the defendant would be

damaged.   The measure of such damages would be the difference between the value at Chicago and the value at Centralia, with the difference in freight between the two points. If worthless culls were shipped to Chicago, the defendant was damaged the whole amount of freight which it necessarily paid on them.   The culls and worthless culls were shipped intermixed with common and better; so that the defendant necessarily paid the freight on all, in order to get its own.   And so much of plaintiff's claim as was for such worthless culls was in excess of plaintiff's right, and should be deducted from its claim; for the worthless culls were not included in the sale, and were not accepted by the defendant at Chicago.   These were the matters which were submitted to the jury.

Other matters were controverted on the trial, and many of the alleged errors relate to such other matters, which were eliminated from the case in its submission to the jury. Of this the plaintiff has no reason for complaint.   It was submitted in a charge which seems to be clear, fair, and free from errors, at least so far as these issues are concerned. There were many exceptions to rulings on questions of the admission of testimony, and to parts of the charge of the court.   They have little relation to the matters submitted, and, if erroneous, did not prejudice the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.